## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## HUNTINGTON DIVISION

ALLISON MULLINS, on behalf of herself
and all others similarly situated,

                Civil Action No.   3:16-cv-9918

       Plaintiff,

v.

                Hon.

KAREN COLE, in her  official capacity AS
CLERK OF CABELL COUNTY,

       Defendant.

## CLASS ACTION COMPLAINT

### NATURE OF THE CASE

1.    This is a proposed class action under 42 U.S.C. § 1983 to enforce rights guaranteed to the plaintiff by the Fourteenth Amendment to the United States Constitution and Article III, Sections 10 and 17 of the West Virginia Constitution. At issue is the defendant's refusal to process voter registration applications and updates to voter registration that are made using the online voter registration system established by the West Virginia Secretary of State.

2.    Defendant's refusal to utilize the online voter system is unconstitutional under both the United States and West Virginia Constitutions.

### JURISDICTION AND VENUE

3.    This Court has original jurisdiction over this case under Article III of the United States Constitution and 28 U.S.C. §§ 1331 and 1343(a)(3).

4.    This suit is authorized by 42 U.S.C. § 1983.

5.    Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

6.    Venue is proper in the Southern District of West Virginia under 28 U.S.C. § 1391(b).

## PARTIES

7.     Plaintiff Allison Mullins is over the age of 18, a citizen of the United States, and a resident of Cabell County, West Virginia.

8.     Defendant Karen Cole is the Clerk of Cabell County. Defendant Cole is the "chief registration authority" for Cabell County. W. Va. Code § 3-2-4(a). She is responsible "for the administration of voter registration within the county" and for establishing practices and procedures which ensure the "full implementation of the requirements of federal and state laws and rules relating to voter registration, and which ensure nondiscriminatory practices." *Id.* at 3-2-4(d).

## FACTUAL BACKGROUND

### A.  Online Voter Registration in West Virginia

9.     Like the majority of states, West Virginia makes voter registration available online. *See Online Voter Registration*, National Conference of State Legislatures (June 14, 2016),       http://www.ncsl.org/research/elections-and-campaigns/electronic-or-online-voter-registration.aspx (noting that "a total of 31 states plus the District of Columbia offer online registration, and another seven states have passed legislation to create online voter registration systems, but have not yet implemented them").

10.     West Virginia law gives the Secretary of State the authority to "promulgate procedures to permit persons to register to vote through a secure electronic voter registration system." W. Va. Code § 3-2-5(a)(3). It further provides that county clerks "may accept the electronically transmitted signature kept on file with another approved state database for an applicant who applies to register to vote using an approved electronic voter registration system in accordance with procedures promulgated by the Secretary of State." *Id.* at § 3-2-5(c)(4); *see also*

2

W. Va. Code § 3-2-7(b) ("[A]n individual may apply for voter registration using an approved electronic voter registration system if available at the office of the clerk. Such system may electronically transfer the voter's signature stored in the database of another state agency in accordance with procedures promulgated by the Secretary of State.").

11.     The Secretary of State is the "chief election official" of the State of West Virginia. W. Va. Code § 3-2-3.

12.     The Secretary of State gives West Virginia residents the option of registering to vote or making updates to their voter registration using a secure online system, pursuant to W. Va. Code § 3-2-5.

13.     The online voter registration program mirrors the paper voter registration card which is used throughout the state.

14.     A person can only use the online system to register to vote if she already has a West Virginia driver's license or state identification card and has her signature on file with the West Virginia Division of Motor Vehicles ("DMV") or another approved state database. W. Va. Code § 3-2-5(c)(4); W. Va. Code § 3-2-7(b).

15.     In order to complete the online application, an applicant must list their name, location, age, citizenship, driver's license or state ID number, *and* the last four digits of their social security number. *See* West Virginia Secretary of State, Register to Vote, https://ovr.sos.wv.gov/Register/Landing (last visited Oct. 17, 2016), attached as Exhibit 1. The computer program then pulls the registrant's signature from that person's file with the DMV.

16.     An applicant mailing in an application must only provide *either* a state identification number or driver's license number *or* social security number, not both.

3

17.     The Secretary of State's online registration system has been used by more than 56,000 voters since its launch in the fall of 2015. *Online Voter Registration System Sees 56,128 Interactions and 30,111 New Voter Registration Applications in its First Year*, West Virginia Secretary of State (Oct. 3, 2016), http://www.sos.wv.gov/news/topics/elections-candidates/Pages/Online-Voter-Registration-System-Sees-56,128-Interactions-and-30,111-New-Voter-Registration-Applications-in-its-First-Year.aspx. This number includes 30,111 new voter registrations as of September 30, 2016. *Id.* In September 2016 alone, there were more than 11,000 online voter registration submissions in West Virginia. *Id.*

**B. Cabell County's Refusal to Process Registration Forms from the Online Registration System**

18.     Fifty-three of the fifty-five counties in West Virginia began accepting and processing voter registration applications received through the online system when the website launched in September 2015.

19.     Initially, the Clerks of Kanawha County and Cabell County both refused to use the online system.

20.     Upon information and belief, as of the date of the filing this complaint, Cabell County is the only county in West Virginia where voter registration applications and updates submitted through the online system are not processed, and where such applicants are not registered to vote.

21.     Cabell County is one of the top five counties in the state where prospective voters have used the online system. *Id.*

22.     Upon information and belief, when Defendant Cole receives online applications or changes to registration, she sends the would-be voter a letter and a paper application to complete their registration. *See* Exhibit 2, Form Letter.

23.     This letter incorrectly states that the Secretary of State's website "does not provide the information that is required, by law, to be provided to this office in order to process a voter application." *Id.*

24.     Upon information and belief, Defendant Cole requires that a paper application be completed and filled out before a person is registered or has his or her registration updated. *See id.*

25.     These additional steps are not required in any other county in West Virginia.

26.     There is nothing on either Defendant's website or the Secretary of State's website indicating that registration and changes to registration made using the Secretary of State's online registration system will not be counted.

27.     In fact, each person who uses the Secretary of State's online registration system to register or update their voter registration receives an email from the Secretary of State indicating the registration or updates have been received and will be sent to the appropriate county clerk.

28.     Websites which promote voter registration and civic engagement indicate that voters in West Virginia can register and update their voter registration using the Secretary of State's website. *See*, *e.g.*, *West Virginia Voter Registration Information*, Vote Smart, https://votesmart.org/elections/voter-registration/WV#.V_6sGo8rJhE (last accessed Oct. 17, 2016); *West Virginia Voter Registration*, RegistertoVote.org, https://registertovote.org/state-info/west-virginia.html (last accessed Oct. 17, 2016); *West Virginia Elections*, Rock the Vote, http://www.rockthevote.com/get-informed/elections/state/west-virginia.html (last accessed Oct. 17, 2016).

29.     The deadline to register to vote or update your voter registration prior to the 2016 general election was October 18.

30.     Within the last two weeks, the Secretary of State's office sent postcards to West Virginia residents who may be eligible to vote but are not registered to vote. Upon information and belief, these postcards told voters that they can register to vote using the Secretary of State's online system.

**C.  Plaintiff Allison Mullins.**

31.     Plaintiff Mullins recently moved to Cabell County to attend Marshall University and used the Secretary of State's website to update her voter registration information prior to the October 18 deadline, but that information was not and will not be processed by Defendant Cole without action from this Court.

32.     Plaintiff is just one of a currently unknown (to Plaintiff) number of people who may be disenfranchised on November 8, 2016, and in future elections, due to Defendant Cole's actions.

33.     These actions violate the Fourteenth Amendment of the United States Constitution and Article III, Sections 10 and 17 of the West Virginia Constitution, as enforced by 42 U.S.C. 1983.

## CLASS ACTION ALLEGATIONS

34.     The proposed class is comprised of all qualified voters in Cabell County who properly used the Secretary of State's online system to submit a voter registration application or update their voter registration information.

35.     This class is sufficiently numerous such that joinder of all members is impracticable. There are questions of law and questions of fact that are common to the class. Plaintiff Mullins' claims are typical of the claims of the class, and she will fairly and adequately protect the interests of the class.

36.     Prosecuting separate actions by individual class members would create a risk of: (a) inconsistent or varying adjudications with respect to the individual class members which would establish incompatible standards of conduct for Defendant Cole; or (b) adjudications with respect to individual class members which, as a practical matter, would be dispositive of the interests of the other members nor party to the individual adjudications or would substantially impair or impede their ability to protect their interests.

37.     By refusing the voter registration applications and updates to voter information which were submitted using the Secretary of State's online system, Defendant Cole has acted or refused to act on grounds which apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

38.     A real and justiciable controversy exists between the parties.

39.     The plaintiff and others affected by the defendant's actions have no remedy at law other than this action for declaratory and equitable relief.

40.     The plaintiff and others affected are suffering irreparable harm as a result of the violations complained of herein, and that harm will continue unless declared unlawful and enjoined by this Court.

## CLAIMS FOR RELIEF

### Equal Protection

41.     By denying the voters and would-be voters of Cabell County the right to use the state's online voter registration system, which residents of every other county in West Virginia can use, Defendant Cole is violating the equal protection rights guaranteed by the Fourteenth Amendment of the United States Constitution and Article III, Sections 10 and 17 of the West Virginia Constitution, as enforced by 42 U.S.C. 1983.

7

**Due Process**

42.     By denying the voters and would-be voters of Cabell County the right to use the state's online voter registration system, Defendant Cole is violating the due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and Article III, Section 10 of the West Virginia Constitution, as enforced by 42 U.S.C. 1983.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court:

(1.)     Take original jurisdiction over this case;

(2.)     Enter a declaratory judgment that the Defendant's refusal to register voters using the online voter registration system violates rights guaranteed to the plaintiff by the Fourteenth Amendment of the United States Constitution and Article III, Sections 10 and 17 of the West Virginia Constitution, as enforced by 42 U.S.C. 1983;

(3.)     Require the defendant to process voter registration and changes to voter registration made from citizens using the online voter registration system set up by the Secretary of State who are otherwise qualified to vote;

(4.)     Enjoin the defendant from refusing to process voter registration or changes to voter registration from citizens using the online voter registration system set up by the Secretary of State who are otherwise qualified to register to vote;

(5.)     Issue a writ of mandamus requiring the defendant to register all persons who have attempted to register to vote using the Secretary of State's online system who are otherwise qualified to register to vote for the 2016

General Election and to continue registering qualified online applicants going forward;

(6.)    Issue a writ of mandamus requiring the defendant to register all persons who have attempted to change their voter registration using the Secretary of State's online system and who are otherwise qualified to register to vote and update their voter registration for the 2016 General Election and to continue to update voter registration information received through the online system going forward;

(7.)    Award the plaintiff nominal damages;

(8.)    Award the plaintiff the costs of this action together with her reasonable attorneys' fees under 42 U.S.C. § 1988; and

(9.)    Retain jurisdiction of this action and grant the plaintiff and class any further relief which may be in the discretion of the Court be necessary and proper.

Respectfully submitted this 20th day of October, 2016,

By Counsel,

AMERICAN CIVIIL LIBERTIES UNION OF
        WEST VIRGINIA FOUNDATION

/s/ Jamie Lynn Crofts
Jamie Lynn Crofts
West Virginia Bar No. 12730
ACLU of West Virginia Foundation
P.O. Box 3952
Charleston, WV 25339-3952
(304) 345-9246, ext. 102 / (304) 345-0207 (f)
jcrofts@acluwv.org

Anthony J. Majestro
West Virginia Bar No.  5165
ACLU of West Virginia Foundation
Powell & Majestro, PLLC
405 Capitol Street, Suite P-1200
Charleston, WV 25301
304-346-2889 / 304-346-2895 (f)
amajestro@powellmajestro.com

Dale E. Ho*
Sean J. Young*
American Civil Liberties Union Foundation, Inc.
125 Broad St., 18th Floor
New York, NY 10004
212-549-2693
dale.ho@aclu.org
syoung@aclu.org

*motions for admission pro hac vice forthcoming


Attorneys for Plaintiff

## Verification of Complaint

Pursuant to 28 U.S.C. § 1746, I verify under penalty of perjury under the laws of the United States of America that the allegations in the foregoing Complaint are true and correct to the best of my knowledge, information, and belief.

Executed this _19_ day of October, 2016.

Allison Mullins